VEITCH AND CO. v. THE FARMERS BANK OF ALEXANDRIA.

Appeal dismissed; the appellees having failed to lodge a transcript of the record of the cause with the clerk of the court, agreeably to the rules of the court, and the appeal-bond and security not having been given.

ON motion of Mr Swann, of counsel for the complainant and appellee in this cause, and a certificate of the clerk of the circuit court of the United States for the district of Columbia, holden in and for the county of Alexandria, stating, "that at a court continued and held for the said district and county the 24th day of November 1830, the defendants prayed an appeal from the decree of the court pronounced in this cause to the next Supreme Court of the United States which was granted, upon giving bond and security in the sum of two hundred dollars, to be approved by one of the judges of said court; and further certifying that the said bond and security had not been given, nor had a transcript of the record been ordered," having been filed; and the said appellants having failed to lodge a transcript of the record in said cause with the clerk of this Court, agreeably to the rules of this Court: it is now here ordered and adjudged, that this cause be docketed, and that the said appeal be, and the same is hereby dismissed.

BOYCE ET AL. v. FELIX GRUNDY.

The transcript of the record showed that no appeal-bond was taken or approved by the judge who signed the citation in the cause. The appeal was dismissed.

ON consideration of the motion made in this cause by Mr Key, of counsel for the appellee, on a prior day of the present term of this Court, to wit, on Saturday the 28th instant, to dismiss this cause on the ground that it appears from the transcript of the record in this cause, that no appeal-bond was taken or approved by the judge signing the citation in said cause, it is now here ordered and adjudged by this Court, that for the reason aforesaid this appeal from the circuit court of the United States for the district of West Tennessee be, and the same is hereby dismissed.