JAMES ADAMS, EXECUTOR OF THOMAS LAW, DECEASED, AND HENRY MAY, ADMINISTRATOR OF EDMUND AND THOMAS LAW, APPELLANTS, *v.* JOSEPH E. LAW, BY HIS NEXT FRIEND, MARY ROBINSON.

In order to act as a *supersedeas* upon a decree in chancery, the appeal bond must be filed within ten days after the rendition of the decree. In the present case, where the bond was not filed in time, a motion for a *supersedeas* is not sustained by sufficient reasons, and consequently must be overruled.

So, also, a motion is overruled to dismiss the appeal, upon the ground that the real parties in the case, were not made parties to the appeal. The error is a mere clerical omission of certain words.

THIS was an appeal from the Circuit Court of the United States for the District of Columbia.

Two motions were made in respect to it. One by *Mr. Coxe.*

to dismiss the appeal, and issue a *procedendo*, and the other by *Mr. Lawrence*, on behalf of the appellants, for a writ of *supersedeas*, directed to the court below, for the purpose of staying the execution of the decree.

*Mr. Coxe's* motion was as follows :

It is now moved by Richard S. Coxe, solicitor of Lloyd N. Rogers, administrator of Elizabeth P. C. Law, deceased, and Edmund Law Rogers and Eleanora A. Rogers, surviving children of Lloyd N. Rogers and Elizabeth P. C. Law, his wife, and of the representative of William Blane, deceased, that this appeal be dismissed.

1. There is no case as above entitled, and the real parties interested in the case of which a record is filed, are not made parties to this appeal, namely, the said Lloyd N. Rogers, administrator, &c., Edmund Law Rogers and Eleanora A. Rogers, and the executors of William Blane, in whose favor the decree of the Circuit Court appears to have been made.

2. That it appearing from the certificate of the clerk of said Circuit Court, that an appeal was duly prayed by said appellants, from the decree entered in this cause, and that it was duly allowed, and an appeal bond, in the penal sum of $200, approved 9th December, 1853, is the only appeal bond filed in the case, and such bond does not appear to have been given to the party defendant, in the above entitled case.

And upon the facts appearing in the certificate of the clerk of said Circuit Court, that no good and sufficient appeal bond has been filed, so as by law to operate as a *supersedeas*.

And whereas it also appears as aforesaid, that the said James Adams, trustee, is and has been in contempt, in consequence of his neglect and omission to perform and obey the order of said Circuit Court made on the 18th December, 1852; and that said Circuit Court has omitted and neglected to enforce said order and decree against the said James Adams, trustee as aforesaid; it is now further moved by said solicitor, that a writ of *procedendo* do issue from this court, to be directed to the said Circuit Court, directing and commanding said court to proceed forthwith to enforce, by appropriate process, the said order and decree of said Circuit Court.

*Mr. Lawrence's* motion was as follows :

The appellants in this case, by their counsel, respectfully submit to this court,

That in consequence of a mistake and surprise, the facts in regard to which fully appear in the affidavits herewith filed, they failed to file a *supersedeas* bond within ten days after the final decree was entered therein in the Circuit Court; that the fund

in controversy is now in the hands of the trustee appointed by the said court, and securely invested to the satisfaction of all the parties to said cause ; that the said appellants have offered in the said court to give bond, in double the amount of the sums decreed to be paid ; that the parties to whom the said moneys have been decreed to be paid reside out of the said District of Columbia, and the Circuit Court has refused to grant the *supersedeas* on application formally made in that court for that purpose, and thereupon they move this Honorable Court for a writ of *supersedeas* to the Circuit Court of the District of Columbia, to stay execution of the decree heretofore rendered by the said court in this cause, and from which an appeal hath been prayed to this court, on such terms as to your Honors may seem meet.

These motions were argued by *Mr. May* and *Mr. Bradley*, in support of the motion of *Mr. Lawrence*, for a *supersedeas*, and by *Mr. Coxe* and *Mr. Carlyle*, in support of *Mr. Coxe's* motion, to dismiss the appeal.

The facts are stated in the opinion of the court.

*Mr. May* and *Mr. Bradley* contended

1. That this court has power to interfere. In Hardeman *v.* Anderson, 4 How. 640, there was a neglect of the clerk. Here there was no neglect, but the hearing below was irregular, and a surprise upon Mr. May, who had no solicitor in court. When set down for hearing, the case ought to have been put on the order book.

2. The hearing was irregular. The case ought not to have come on until the next term. Maryland Chanc. Prac. 112.

3. If the money is paid according to the decree, it will go beyond the jurisdiction of the court, and may be lost. In such a case, the court will interfere. 6 Har. & Johns. 333 ; 3 Dan. Ch. Pr. 1611. We offer to submit to any terms which the court may direct.

*Mr. Coxe* and *Mr. Carlyle* contended that the appeal should be dismissed. The case arose upon marriage settlements, and was referred to the auditor. It was then set down for hearing by consent. Maryland Chancery Practice had nothing to do with the case. Adams had $61,000, in his hands since June twelvemonth. He has only given bond as executor, and not as trustee. We obtained a rule upon him to show cause why he should not pay over the money, and that question is not decided to this day.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal in chancery, from the decree of the Circuit Court for the District of Columbia.

A motion is made by the appellant's counsel for a *supersedeas*, on the ground that the hearing of the case in the Circuit Court was brought on irregularly, and the decree entered in the absence of the principal counsel for the defendants below; that by reason of this, an appeal-bond was not filed within ten days from the allowance of the appeal.

Mr. May, who makes this motion, states that he is the administrator of the estate of Thomas and Edmund Law, children of John Law, who in their lifetime were parties to the suit; and that he intended to appeal from the decree of the Circuit Court, if against him; that he had no notice of the cause being set for hearing; that he left the United States on public business, and was absent several months; that on his return he learned that a final decree had been entered against him, and that he had authorized no one to consent to the hearing of the cause out of its regular course.

It appears that two other counsel who appeared for other defendants, consented to the hearing in order that the cause might be taken to the Supreme Court, for ultimate decision; and these counsel understood the cause was to be appealed to the Supreme Court by consent, and that security for the money decreed to be paid would not be required. But both of these gentlemen state that, in giving their assent to the hearing, they did not represent Mr. May, not being authorized to do so.

The suit in the Circuit Court was entitled, "Joseph E. Law by his next friend, Mary Robinson, *v.* Thomas Law and others, and James Adams, executor of Thomas Law." The controversy arose under the will of Thomas Law, deceased; and among other things the court decreed that James Adams, the trustee in the cause, who had sold certain property under the order of the court and had the proceeds in his hands, exceeding the sum of sixty-one thousand dollars, should pay over the money to the persons named in the decree, as entitled to the same. This decree was entered the 18th day of December, 1852; and an appeal to the Supreme Court of the United States was prayed on the same day. An appeal-bond, in the sum of two hundred dollars, was filed the 9th of December, 1853.

The twenty-third section of the act of 1789, provides, " that a writ of error shall be a *supersedeas*, and stay execution in cases only where the writ of error is served by a copy thereof being lodged for the adverse party in the clerk's office where the record remains, within ten days, Sundays exclusive, after rendering the judgment or passing the decree complained of, until the expiration of which term of ten days the execution shall not issue in any case where a writ of error may be a *supersedeas*. By the second section of the act of March 3, 1803, appeals are

declared to be "subject to the same rules, regulations, and restrictions as are prescribed in law in case of writs of error."

Under this provision an appeal in chancery must be perfected, by giving an appeal-bond within the ten days, to act as a *supersedeas*. In Wallen v. Williams, 7 Cranch, 278, the court refused to quash an execution issued by the court below to enforce its decree, pending a writ of error, as the writ was not a *supersedeas* to the decree. In the Dos Hermanos, 10 Wheat. 311, where the appeal was prayed within the five years limitation, the appeal-bond being accepted by the court after that period, was held good, as having relation to the time of the appeal. "The mode of taking security and the time of perfecting it," the court say, "are matters of discretion, to be regulated by the court." But this cannot apply to a case, where the appeal operates as a *supersedeas*. It must be brought strictly within the provisions of the law.

The appeal, in this case, was prayed on the same day the decree was entered; but the bond was not given until nearly a year afterwards. The appeal must be perfected within the ten days after the decree was entered, to operate as a *supersedeas*. To supersede a judgment at law, the writ of error must be filed and bond given within the ten days. And the same rule is applied by the act of 1803, to appeals in chancery.

The case of Hardeman & Perkins v. Anderson, 4 How. 642, is relied on as an authority under which a *supersedeas* may be issued in this case. In that case it appeared from the record, that the writ of error was issued and bond given within ten days after the judgment, and that the clerk of the District Court promised to transmit the record to the Supreme Court. It was transmitted, but by some delay was not received until a few days after the adjournment of the court, at the ensuing term. Before the adjournment, a certificate of the judgment having been obtained by the plaintiff's counsel, in the judgment, on motion the cause was, under the rule of the court, docketed and dismissed. At the next term, on motion sustained by an affidavit, showing that the defendant in the judgment had not been negligent in the cause, it was ordered to be docketed, and a writ of *supersedeas* was issued, not on the second writ of error which had been issued, but to give effect to the first writ. After the dismissal of the cause at the previous term, execution was issued on the judgment, and it was necessary, after the cause was entered upon the docket, to supersede that execution.

It does not appear from the facts in the case now before us, that it can be brought within any decision of this court. Whatever may have been the understanding of the counsel who ap-

peared in the defence, in the Circuit Court, as to an appeal of the case to the Supreme Court, by consent and without security, it is not made to appear that the counsel of the complainants assented to such an arrangement.

By the order of the Circuit Court, a copy of the decree was served on James Adams, the trustee; and also a rule to show cause why an attachment should not issue against him for not paying over to the parties the sums of money as required by the decree. His answer to the rule was filed, and a motion being made for an attachment, it was taken under consideration, and has not yet been decided.

This Court cannot presume that the Circuit Court, in the exercise of their discretion, will take any step in regard to the decree, which shall place the fund at hazard or beyond the exercise of the appellate powers of this Court.

The motion for a *supersedeas*, by the counsel for the plaintiffs in error, is overruled.

The Court also overrule, under the circumstances, the motion of the defendant's counsel in error, for a *procedendo*.

A motion is also made, by defendant's counsel, to dismiss the appeal on the ground, "that there is no case, as entitled on the record; and that the real parties interested in the case, of which a record is filed, are not made parties to the appeal."

After the decree was pronounced in the Circuit Court, the record states: "From which decree an appeal was prayed to the Supreme Court of the United States, on the 18th December, 1852, and to them it was granted." The word "defendants" is omitted in this prayer, but that must have been a clerical omission, as it appears the appeal was "granted to them," that is to the defendants.

The title of the case, if incorrectly entered on the docket of this court, may and should be corrected by the record filed. There is nothing in the record to show that the appeal by the defendants was not prayed by all of them. The motion to dismiss is therefore overruled.

### Order upon the motion to dismiss.

On consideration of the motion to dismiss this case, and for a writ of *procedendo*, filed by Mr. Coxe, in this case, on the 16th ultimo, and of the arguments of counsel thereupon had, as well against as in support of said motion. It is now here ordered by the court that said motion be, and the same is hereby overruled.

### Order upon the motion for a supersedeas.

On consideration of the motion for a *supersedeas* filed by

13*

Mr. Lawrence in this case on the 16th ultimo, and of the arguments of counsel thereupon had as well against as in support of the motion; it is now here ordered by the Court, that said motion be, and the same is hereby overruled.