HEARD APRIL TERM, 1875.

### Ex Parte DUNN, in re HAND vs. RAILROAD COMPANY.

No order or action of any kind can be taken in a State Court in a cause which has been removed by writ of error to the Supreme Court of the United States. The writ of error suspends the jurisdiction of the State Courts until by some act of the Supreme Court of the United States itself it is restored to them.

BEFORE REED, J., AT CHARLESTON, JUNE TERM, 1875.

This was an appeal from an order made June 19th, 1875, in the Circuit Court, in the case *Ex parte Thomas C. Dunn, Comptroller General of South Carolina, in re Daniel Hand* against *The Savannah and Charleston Railroad Company and others.* A full statement of the facts of the case is contained in the opinion of this Court.

*Corbin & Stone*, for appellant.

*Buist & Buist*, contra.

The opinion of the Court was delivered by

MOSES, C. J. The appeal was heard on the 23d July, 1875. The facts and the ruling of the Circuit Judge in regard to them are comprised in the following statement:

On the 5th day of June, 1875, the Supreme Court pronounced a judgment in this cause, reversing the judgment of the Court of Common Pleas for Charleston County, and holding that the Comptroller General of South Carolina is authorized to take possession of the Savannah and Charleston Railroad, with all its appurtenances, and remanded the petition to the "Circuit Court for such orders as may be necessary to give effect to the judgment of this Court."

This judgment of the Supreme Court was duly certified to the Circuit Court of Common Pleas for Charleston County, and filed with the Clerk of said Court June 7th, 1875. On the 8th day of June, 1875, the counsel for the Comptroller General notified the counsel of Daniel Hand and of the Savannah and Charleston Railroad Company *et al.* that they would move, on the 14th of June, 1875, at 10 o'clock A. M., or as soon thereafter as counsel could be heard, before the Court of Common Pleas for Charleston County,

for an order to carry out the decree of the Supreme Court, and to put the Comptroller General in possession of the Savannah and Charleston Railroad, its rolling stock, outfit and property of every kind whatever. A copy of the proposed order is found in the record, from folio 18 to folio 24.

This motion came on to be heard finally June 19, 1875, before Hon. J. P. Reed, in the Court of Common Pleas, who thereupon made the following order :

"It appears to the Court that a writ of error has been sued out and an appeal to the Supreme Court of the United States perfected. The Court considers itself estopped thereby, and the motion submitted on the part of the Comptroller General is refused. The motion to cause the copies of the papers from the Supreme Court of the State relative to the writ of error exhibited by respondents to be filed as records of this Court is also refused.

"J. P. REED.

"June 19, 1875."

"Thereupon the counsel for the Comptroller General appeals, and the appeal is allowed.

"J. P. REED."

The single question thus presented involves the effect of the writ of error in arresting any further action on the judgment of this Court, made in the said cause, until it is reversed by the Supreme Court of the United States, or the case itself remitted by that tribunal for further proceedings. If the writ stays all action by this Court, it necessarily operates to suspend the jurisdiction of the Court below, which, but for its interposition, might be resorted to for the purpose of enforcing the judgment of this Court where the terms of its mandate so permit.

Where the writ had been allowed in supposed conformity with the Acts of Congress and the construction which has been given to them by the Supreme Court of the United States, the case is transferred from this jurisdiction to a higher one, which is to decide for itself how or to what extent it is to operate, and whether the cause is carried before it according to the requisitions prescribed for the allowance of such a writ to a State Court.

The right of that Court to decide not only whether a writ of error is to have the effect of a *supersedeas* but all the questions

which may arise under it cannot be doubted.  It has been exercised in innumerable cases, of which it is sufficient to refer only to a few.— *Catlett* vs. *Brodie*, 9 Wheat., 553; *Adams* vs. *Low*, 16 How., 144; *Hudgins* vs. *Kemp*, 18 How., 531; *Silsby* vs. *Foote*, 20 How., 290; *United States* vs. *Gomeg*, 3 Wall., 752; *Green* vs. *Buskirk, id.,* 448; *Rubber Company* vs. *Goodyear*, 6 Wall., 156; *Slaughter House Cases,* 10 Wall., 273; *Bigler* vs, *Walter,* 12 Wall., 149.

In the case first named, it not only held the writ of error not a *supersedeas,* because of the want of a sufficient bond, but gave time for the filing of a new one.  In *French* vs. *Shoemaker,* (12 Wall., 99,) Mr. Justice Clifford delivering the opinion of the Court, referring to the bond required, where the writ is to operate as a *supersedeas,* said : " What is necessary is that it be sufficient; and when it is desired to make the appeal a *supersedeas,* that it be filed within ten (now sixty) days from the rendering of the decree; and the question of sufficiency must be determined in the first instance by the Judge who signs the citation; but, after the allowance of the appeal, that question, as well as every other in the cause, becomes cognizable here. It is, therefore, matter of discretion with the Court to increase or diminish the amount of the bond, and to require additional sureties, or otherwise, as justice may require."

We do not propose to intimate any opinion as to the power of the Justice who has allowed the writ to require a new bond before the writ shall be permitted to operate as a *supersedeas,* although a bond to answer "all damages and costs" may have been approved.  False representations may be made as to the competency of the obligors, which might mislead him as to the sufficiency of the surety he has accepted, or he may be deceived as to the value of the property involved in the litigation.  In accordance with the course pursued in *Black et al.* vs. *Zacharia & Co.,* and sanctioned by the Supreme Court, (3 How., 494,) the Justice or Judge who has allowed the writ may, under certain circumstances, control its operation as a *supersedeas.*

Independent of our want of authority to pass upon the effect of the writ in suspending any further proceeding in the case, there is an objection to the motion of the appellant which strikes us as insurmountable.  The Act of Congress (Rev. Stat. United States, 188, § 1007,) provides that "if the defendant desires to stay process on the judgment he may, having served his writ of error as aforesaid, give the security required by law within sixty days after

the rendition of such judgment, or afterwards with the permission of a Justice, or a Judge of the Appellate Court; and in such cases where a writ of error may be a *supersedeas*, executions shall not issue until the expiration of the said term of 'sixty days.'" Within the said term it seems clear that all action under the judgment is suspended. This motion is made within the sixty days. Even assuming that the plaintiff in error has not yet perfected his writ, so that it may have effect as a *supersedeas*, there is nothing to prevent his so doing before the expiration of the time allowed by law, for, by the Act, "executions, where a writ of error may be a *supersedeas*, shall not .issue until the expiration of the said term of sixty days."

The motion is dismissed.

*Wright*, A. J., concurred; *Willard*, A. J., absent.