WALKER et al. v. HOUGHTELING.

(Circuit Court of Appeals, Seventh Circuit. October 25, 1900.)

No. 696.

APPEAL—FAILURE TO FILE BOND—POWER OF APPELLATE COURT.·

Where a plaintiff in error has failed to comply with an order of the circuit court requiring him to file a bond on writ of error in a specified amount, but the writ of error has been issued and served, and the cause transferred to the circuit court of appeals, that court has power, although the time for suing out a writ of error has expired, to retain the cause, and to permit the filing of a bond in such amount as it may prescribe, but not to operate as a supersedeas.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

On Motion to Dismiss Writ of Error.

For former opinion, see 100 Fed. 253.

Otis K. Hutchinson, for plaintiffs in error.

John M. Harlan, for defendant in error.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

PER CURIAM. The defendant in error has moved to dismiss the writ of error because of the failure of the plaintiffs in error to file in the circuit court the bond required by the order of the court granting the writ. The judgment was entered on January 25, 1900, and on motion of the plaintiffs in error, the defendants below, for a writ of error to this court, it was ordered "that the bill of exceptions herein be filed within sixty days, and a bond on writ of error in the sum of three thousand seven hundred and fifty dollars," and after-wards the parties stipulated in writing that the time for filing the bond and bill of exceptions should be extended to April 28, 1900. On April 25, 1900, the bill of exceptions was filed, and on the same day the following entry was made:

"Now come the parties by their attorneys, and the defendants present their petition for writ of error and assignment of errors, and, it appearing that the bond on writ of error has been approved by the court and filed herein, it is ordered that a writ of error issue herein returnable in thirty days to the United States circuit court of appeals for this circuit."

The transcript also shows a copy of a writ of error in due form, attested on the 26th day of April, 1900, and indorsed with the ap-

proval of the judge of the court. The motion to dismiss is accompanied with a certificate of the clerk of the circuit court that on careful examination of the record and files of his office he had been unable to find any bond, and that the order of April 25th, "reciting the filing of such bond on writ of error, was apparently a mistake." The plaintiffs in error offer, and ask leave, to file such bond, not to operate as a supersedeas, as this court shall require. The defendant in error objects that, the time for the taking of the appeal having gone by, this court is without power to give such leave, and that, in any event, a bond in the sum prescribed by the order of the circuit court should be required. Reference has been made to the following cases touching the subject: Boyce v. Grundy, 6 Pet. 777, 8 L. Ed. 579; Catlett v. Brodie, 9 Wheat. 555, 6 L. Ed. 158; The Dos Hermanos, 10 Wheat. 311, 6 L. Ed. 328; Adams v. Law, 16 How. 148, 14 L. Ed. 880; Anson v. Railroad Co., 25 How. 1, 16 L. Ed. 517; Brobst v. Brobst, 2 Wall. 96, 18 L. Ed. 387; Seymour v. Freer, 5 Wall. 822, 18 L. Ed. 564; Edmonson v. Bloomshine, 7 Wall. 306, 19 L. Ed. 91; Peugh v. Davis, 110 U. S. 227, 4 Sup. Ct. 17, 28 L. Ed. 127; Chicago Dollar Directory Co. v. Chicago Directory Co., 24 U. S. App. 525, 13 C. C. A. 8, 65 Fed. 463. The power of the court in the premises is deemed clear, and it is ordered that the plaintiffs in error have leave to file with the clerk of the circuit court a bond in the sum of $500, approved by the judge who presided at the trial of the cause, or by any judge of that court, but not to operate as a supersedeas; that within twenty days of the date of this order a certified copy of such bond be filed with the clerk of this court; and that thereupon the motion to dismiss shall be overruled, but in default of compliance with this order the motion shall be sustained.