# THE UNITED STATES EX REL. MULVIHILL

## *v.*

## CLABAUGH.

APPEAL PRACTICE; APPEAL BOND, APPROVAL OF.

While if an appeal bond be filed and submitted to the lower court within
twenty days and the court holds the bond *sub judice* beyond
that time, the court may then approve it *nunc pro tunc,* the court
has no power to approve such a bond which, although filed before
the expiration of the twenty days, is not submitted to the court
for approval until after the expiration of that period; *construing*
Rule X of this court which provides that no appeal shall operate as
a *supersedeas* unless within twenty days the appellant shall "file
in the clerk's office" of the lower court, "a bond, with surety or
sureties to be approved by one of the justices" of that court.

No. 135.   Original.   Submitted March 3, 1903.   Decided March 11, 1903.

HEARING on a rule laid upon a justice of the Supreme
Court of the District of Columbia to show cause why the
writ of *mandamus* should not issue directing him to approve
an appeal bond, and his answer thereto.

*Rule discharged and petition for the writ dismissed.*

The facts are sufficiently stated in the opinion.

*Mr. F. C. Mattingly* for the petitioner.

*Mr. A. A. Hoehling, Jr.,* for the respondent.

Mr. Chief Justice ALVEY delivered the opinion of the
Court:

When this application was first presented to this court
for a *mandamus,* we supposed that the act required to be

done by the justice below, to whom the writ was asked to
be directed, was contrary to the rules both of this court and
of the court below, and we therefore rejected the application
without calling upon the justice to answer. But a motion
for a reconsideration having been made, we entered a rule
to show cause, and answer having been filed, we heard ar-
gument upon the subject, and we now propose to state briefly
the reasons for the conclusion upon which we dispose of the
application. The argument and reconsideration of the case
have not changed our former opinion.

The application is for a *mandamus* to one of the justices
of the Supreme Court of this District, requiring him to
approve an appeal bond offered by the defendants in a judg-
ment rendered in that court — an appeal having been entered
from the judgment of this court.

It appears that the judgment was rendered November 14,
1902, and an appeal was taken in open court by the defend-
ants, four in number, the same day on which the judgment
was rendered. That on December 8, 1902, being the *nine-
teenth* day (Sundays and legal holidays excluded), after the
entry of the judgment, a bond was filed in the clerk's office
of the court below, signed by two of the defendants in the
judgment, as principals, the present applicant being one, and
William H. Black, as surety; but the said bond had not been
approved by the court or any judge thereof, nor had it then
been submitted for approval. On the day of the filing of
the bond, notice was given by the two defendants filing the
bond, that the same would be tendered or submitted to the
court or judge for approval on December 11, 1902, that
being the *twenty-second* day (exclusive of Sundays and legal
holidays) after the rendition of the judgment appealed from
by the defendants. And it thus appearing that the appeal
bond was not submitted for approval until after the lapse of
more than *twenty days* (exclusive of Sundays and legal holi-
days) the time fixed by the rule of this court for perfecting
the appeal; (Rule 10; and also by Rule 80 of the court be-
low, for filing bond and perfecting the appeal,) the justice,
to whom the bond was submitted, held that the time had

passed within which it could be received and approved, and that he was without jurisdiction to approve the bond thus submitted for approval. There was no question as to the sufficiency of the bond, if it had been submitted in time.

The relator, however, contends, that as the bond was filed in the clerk's office within twenty days from the rendition of the judgment, (Sundays and legal holidays excluded) the rule of court was fully complied with, and that approval of the bond within the twenty days is not required in order to perfect the appeal; and the terms of the rules, " to be approved," are relied upon as showing that the approval of the bond may take place at any time after the twenty days have expired; that the filing of the bond within the twenty days is all that is required to perfect the appeal; and when the bond is presented to the judge for approval after the lapse of the twenty days, the judge may enter his approval thereof *nunc pro tunc,* if he thinks proper so to do.

But we do not agree in such view of the case, and think such is not the fair or reasonable construction of the rule of this court. The bond is an instrument, in the meaning of the rule, without any effect until it is approved by the court or judge thereof. It has no effect whatever to stay execution on the judgment, and no appeal can be prosecuted until a bond, duly approved, has been given, either to operate as a *supersedeas* of the judgment, or for the payment of the cost of appeal. In a case, such as the present, where a bond is simply filed in the clerk's office, and the court or judge is not called upon to approve the bond until after the expiration of the twenty days, (and if it can be two days after, it may be thirty,) and for any reason the approval of the bond is refused, what in such case is the predicament of the appeal? It is very clear the appeal has not been perfected as required by rule of court, and there is no stay of execution of the judgment effected by the bond without approval, and the appellant has no right, under the rule of court, to file a new bond, as that cannot be done within the twenty days. It may be conceded that if the bond be filed and submitted to the judge for approval *within* the twenty days allowed by the

rule of this court for an appeal, and for any reason the judge may require time to examine into any objection that may be made to the bond, or to consider of the sufficiency of the bond, whether in matter of law or fact, and the time required or that may be taken by the judge for such purpose extends beyond the twenty days, in such case, if the bond be approved, the approval may be entered to have relation to the time of the filing of the bond, or, in other words, *nunc pro tunc.* In such case, the delay would be occasioned by the action of the court in holding the bond *sub judice,* and not by the fault of the party. And this is substantially what was decided by this court in the case of *Beall* v. *Cox,* 14 App. D. C. 368, 375.

The right of appeal is given by the statute, but the time and manner of the prosecution of the right to this court, is regulated entirely by the rules of this court made in pursuance of the act of Congress; and the terms and conditions of those rules must be fully and substantially complied with in order to perfect the appeal, and to entitle the appellant to the benefits thereof. Rule 10, and the several sections thereof. Unless the rule be complied with the appeal will be dismissed.

The cases cited and relied on by the relator from the Supreme Court of the United States do not apply here. The suing out of the writ of error or the taking of an appeal to that court is regulated by section 1000 of the Revised Statutes of the United States, which requires that the judge or justice signing the citation shall take good and sufficient security for the prosecution of the writ of error or appeal; and while it does not in express terms require the bond to be approved, the courts have held that that is implied; and it has been held by the Supreme Court that the provision in the section in relation to the bond is merely directory to the judge, and an omission to take the bond does not necessarily avoid the writ of error or the appeal; and in such case, the Supreme Court may grant the proper relief. *Martin* v. *Hunter,* 1 Wheat. 304; *Anson* v. *Blue Ridge R.R. Co.,* 23 How. 1; *Davidson* v. *Laneir,* 4 Wall. 447; *Seymour*

v. *Freer,* 5 Wall. 822. And so the refusal of the circuit court to accept a *supersedeas* bond during the term does not necessarily take away the power to accept and approve one thereafter. *Sage* v. *Railroad Co.,* 96 U. S. 712. But if it be shown that no security has been taken the appeal will be dismissed. *Boyce* v. *Grundy,* 6 Pet. 777. These cases show that the taking of a bond approved is not treated, as it is under our rule, as essential to the perfection of an appeal, and therefore after the case upon appeal or writ of error has reached the Supreme Court, and been docketed, the question of the sufficiency of the bond will, under proper circumstances, be entertained by that court, and a sufficient bond be allowed to be supplied. But that practice is not allowable under the rules of this court.

It follows that the writ of mandamus must be denied, and the petition dismissed, with costs. *Petition dismissed.*