FREEMAN *et al. v.* CLAY *et al.*

(*Circuit Court of Appeals, Fifth Circuit.* November 27, 1891.)

1. APPEAL TO CIRCUIT COURT OF APPEALS—CITATION—DEFECT CURED BY APPEARANCE.
   The citation on appeal must be signed by the judge or justice, and, under rule 14, par. 5, must be made returnable not exceeding 30 days from the day of signing, whether the return-day fall in vacation or in term-time; but a defect in such particulars is cured by the filing of the transcript and an entry of a regular appearance by appellees' counsel.

2. SAME—APPROVAL OF BOND.
   The appeal-bond must be approved by the judge or justice. An approval by the clerk alone is not sufficient, and is ground of dismissal.

Appeal from the United States Circuit Court for the Northern District of Mississippi. Motion to dismiss the appeal. Granted conditionally.

*Edward Mayes* and *Frank Johnston,* for appellant.

*W. L. Nugent,* for appellees.

Before PARDEE, Circuit Judge, and LOCKE and BRUCE, District Judges.

PARDEE, J. In this case the appellees have moved to dismiss the appeal in this court for the following reasons:

"(1) The bond is not approved by the trial judge, nor are the names of the sureties inserted in it. (2) The citation is not signed by the trial judge, but by the clerk, and was signed September 12th, executed September 14th, and made returnable on the third Monday in November, contrary to paragraph 5, rule 14."

An inspection of the record shows that on the 30th day of June, 1891, the court below, on motion of complainants, granted an appeal to the next term of the United States circuit court of appeals for the fifth circuit, to operate as a *supersedeas* upon their entering into bond in the penalty of $5,334.50, with two or more good and sufficient securities, conditioned according to law. That thereafter, on the 8th of September, 1891, an appeal-bond was filed, in which the names of the sureties are not inserted, and upon which was the following indorsement: "I approve the above bond. September 8th, 1891. G. R. HILL, Clerk," —but no approval by any judge. That upon the 12th day of September, 1891, G. R. Hill, clerk, issued a citation, directing the appellees to be and appear before the United States circuit court of appeals for the fifth circuit at the next term thereof, to be held in the court-room of said court at New Orleans, in said fifth circuit, on the third Monday of November, 1891. From this showing it appears that the motion to dismiss the appeal in this cause is well founded as far as the facts are concerned; for, in taking and perfecting the said appeal, neither the law (Rev. St. § 1000) nor the rules of this court have been complied with. The citation should have been issued and signed by the judge of the court below, directing the appellees to appear within 30 days; and the judge signing the citation should have required and accepted a sufficient bond to perfect the appeal, instead of which it appears that the judge

granting the appeal did not sign the citation, accept the bond, nor make the return-day within the rules. The records of this court, however, show the transcript has been filed; and that the appellees, by counsel, have entered a regular appearance; so that, so far as defective citation and return-day are concerned, no injury to appellees has resulted. It is otherwise with regard to the bond. In this respect, the case seems to be very similar, if not identical, with that of *O'Reilly* v. *Edrington*, 96 U. S. 724, wherein Mr. Chief Justice WAITE, speaking for the court, says:

"None of the objections to this appeal are, in our opinion, well taken, except the one which relates to the approval of the bond. That, we think, must be sustained. The security required upon writs of error and appeals must be taken by the judge or justice. Rev. St. § 1000. He cannot delegate this power to the clerk. Here the approval of the bond was by the clerk alone. The judge has never acted; but, as the omission was undoubtedly caused by the order of the court permitting the clerk to take the bond, the case is a proper one for the application of the rule by which this court sometimes refuses to dismiss appeals or writs of error, except on failure to comply with such terms as may be imposed for the purpose of supplying defects in the proceedings. *Martin* v. *Hunter's Lessee*, 1 Wheat. 361; *Dayton* v. *Lash*, 94 U. S. 112."

And we think that the like order may go in this case as was given in *O'Reilly* v. *Edrington*, *supra*, to-wit: This cause will stand dismissed unless the appellant shall, on or before the first Monday in January next, file with the clerk of this court a bond, with good and sufficient security, conditioned according to law, for the purposes of the appeal; and it is so ordered.