BOSTON & A. R. Co. *et al. v.* PULLMAN'S PALACE CAR Co.

*(Circuit Court of Appeals, First Circuit.* August 2, 1892.)

No. 9.

APPEALABLE ORDERS — INTERLOCUTORY DECREE — PATENTS — CIRCUIT COURTS OF APPEAL.

In a suit for infringement of a patent the usual decree for a perpetual injunction and accounting was passed after a full hearing on the merits. More than two months thereafter defendant petitioned for a rehearing and dissolution of the injunction, which was afterwards denied. Pending this petition the circuit court of appeals was created. *Held* that, assuming the decree for injunction and accounting to be an interlocutory decree, from which an appeal would lie to that court within 30 days under section 7 of the act creating it, (Act March 3, 1891; Supp. Rev. St. 901,) yet the order denying the rehearing was not appealable, for it was not an interlocutory decree or order continuing an injunction, within the meaning of that section, and it is immaterial that there was no right of appeal at the time the injunction was granted.

Appeal from the Circuit Court of the United States for the District of Massachusetts. Appeal dismissed.

*Causten Browne,* for appellants. *C. K. Offield, Frederick P. Fish,* and *John S. Runnells,* for appellees.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PUTNAM, Circuit Judge. This is a bill in equity, brought in the circuit court for the district of Massachusetts by the Pullman's Palace Car Company against the appellants, for an alleged infringement of patents owned by the complainant. On the hearing of the merits on bill, answer and proofs, a decree for a perpetual injunction and for an accounting was passed by the circuit court October 9, 1890. 44 Fed. Rep. 195. October 11, 1890, an injunction writ was issued, as ordered by the decree, and October 13, 1890, the writ was returned duly served. February 26, 1891, the respondents in the circuit court filed a petition for a rehearing and a dissolution of the injunction. September 8, 1891, after the act establishing this court was approved, the circuit court denied the petition for a rehearing; and again, December 1, 1891, the following order was entered:

"And now, to wit, December 1, 1891, it is ordered that the petition filed February 26, 1891, for dissolution of the injunction herein, be denied."

December 28, 1891, the original respondents filed a petition for an appeal to this court, which was allowed, with an assignment of errors as follows:

"That the court erred in denying the defendants' said petition for dissolution of injunction upon the facts shown in support thereof. That the order denying the petition for dissolution of the injunction was, in effect, an order continuing the injunction; and that the court erred in continuing the injunction upon the facts shown in support of the petition for dissolution thereof."

The appeal was duly entered in this court, and the original complainant, now the appellee, seasonably—March 19, 1892— filed a motion to

dismiss it, alleging that this court is without lawful jurisdiction thereof. The appeal was claimed under the seventh section of the act establishing this court.[1] If we assume that on a bill to restrain infringements the usual decree for a perpetual injunction and an accounting is within the purview of this section, yet it seems demonstrable that this appeal was not seasonable, and, indeed, never could have been taken. To hold otherwise would be in fact saying that parties may suffer the 30 days expressly limited by such seventh section, within which appeals may be taken, to go by, and then revive the right by motions for rehearing, made only to be dismissed; and it does not affect the reasoning that in the present case there was no right of appeal at the time the injunction was granted. Without embarrassing ourselves with discussing questions which might be suggested with reference to the effect of refusals to dissolve restraining orders or injunctions granted *ex parte*, or in vacation, it is very clear that this order, refusing to dissolve an injunction passed after hearing the merits of the cause and needing no further action to maintain its efficiency, was not an interlocutory order or decree of continuance within the meaning of the statute in question. The appeal is dismissed, with costs on the motion for the appellees.

---

[1] Act March 3, 1891, (Supp. Rev. St. 901, § 7,) reads as follows: "That where, upon a hearing in equity in a district court, or in an existing circuit court, an injunction shall be granted or continued by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken, under the provisions of this act, to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction to the circuit court of appeals: provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court during the pendency of such appeal."