CHICAGO DOLLAR DIRECTORY CO. et al. v. CHICAGO DIRECTORY CO.

(Circuit Court of Appeals, Seventh Circuit. January 18, 1895.)

No. 210.

**1. APPEAL—ORDER ENTERED ON MOTION OF APPELLANTS.**
Defendants moved to dissolve a preliminary injunction, and their motion was denied. Subsequently, upon motion of defendants' attorneys, an order was entered correcting defects in the order first entered, but still denying the relief sought. *Held*, that defendants did not waive their right of appeal by procuring the entry of such order.

**2. SAME—ORDER CONTINUING TEMPORARY INJUNCTION.**
When a temporary injunction is granted, to continue in force "until the further order of the court," and a motion is made to dissolve it, and the court refuses to dissolve the injunction or orders it continued in force, its operation and effect thereafter depend upon the order so made, which may be appealed from accordingly.

**3. SAME—IRREGULARITY IN BOND—CORRECTION.**
An order was made by the court, continuing a preliminary injunction, and allowing an appeal upon the defendants' filing a bond, in an amount named, with sureties to be approved by the clerk. *Held*, that though the sureties should have been approved by the judge, and the bond taken by the clerk was therefore irregular, the appeal should not be dismissed for this reason, but the appellants should be given an opportunity to file a bond properly approved, and, upon their doing so, the motion to dismiss should be overruled.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Banning & Banning and H. C. Fancher, for appellants.
John J. McClellan and L. L. Bond, for appellee.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

BAKER, District Judge. On June 23, 1894, the court below granted a temporary injunction to continue in force "until the further order of the court." On July 17, 1894, the defendants below (appellants here) filed their written motion, praying the dissolution of the injunction for reasons stated. On September 19, 1894, the motion for the dissolution of the injunction theretofore made came on to be heard, and, after hearing had, the court denied the motion.

On September 20, 1894, the court made the following order:

"It is ordered that the National Gazetteer Association be, and the same is hereby, stricken from the injunction writ, without prejudice to the said writ."

On October 8, 1894, the following was entered of record:

"Upon motion of S. P. Douthart and H. C. Fancher, solicitors for defendants, the orders heretofore entered in said cause, denying the motion to dissolve the injunction, and amending the writ of injunction herein, are corrected and amended so as to read as follows: 'This cause coming on for further hearing, and having been argued by counsel for the respective parties, and the court being fully advised in the premises, doth order that the preliminary injunction granted herein of the 23d day of June, 1894, be, and the same is hereby, dissolved as to the National Gazetteer Association, but continued in force and effect as to all the other defendants until the final hearing herein, or until the further order of the court. And thereupon the defendants pray an appeal from so much of this order as continues said injunction in force, to the United States circuit court of appeals for the Seventh circuit, which appeal is allowed upon the defendants filing a good and sufficient appeal bond in the penal sum of five hundred dollars, with sureties to be approved by the clerk. On the same day, to wit, the 8th day of October A. D. 1894, came the defendants, by their solicitors, and filed their assignment of errors, and prayed an appeal to the United States circuit court of appeals for this circuit; whereupon it is ordered that said appeal be allowed upon the defendants' filing a good and sufficient appeal (bond), and in the penal sum of five hundred dollars, and a citation issued returnable on the 3d day of November next.' "

On the 10th day of October, 1894, an appeal bond in the penal sum of $500 was filed with and approved by the clerk. On the 13th day of October, 1894, a transcript of the record was certified to this court by the clerk of the court below, and was filed in the office of the clerk of this court, October 27, 1894. The appellee has interposed a motion to dismiss this appeal upon various grounds, which will be considered in the order of their statement.

First, it is insisted that the order appealed from was entered on the motion of the solicitors of the appellants, and they cannot allege it as error and appeal therefrom. Whether the amended order of the court entered on October 8, 1894, is to be treated as a nunc pro tunc entry, to operate as of the date of the orders which it amended, or is to be deemed an order taking effect as of the date of its entry, it is not material to determine. Viewed in either aspect, the appeal was attempted to be taken in apt time. The appeal was asked for and allowed by the court on the 8th day of October, and at the same time an assignment of errors was filed. The appeal was granted on the condition that a bond in the penal sum of $500 was filed with and approved by the clerk, and a citation was ordered issued, returnable November 3, 1894. The bond was filed with and approved by the clerk, October 10, 1894, and the citation was issued and served. It is true that the amended order was made at the request of counsel for the appellants. But the request of counsel to have the court correct and amend its prior orders ought not to be deemed a waiver of their right of appeal. The court had made its orders of September 19th and 20th, denying the appellants' motion, which orders had the effect to continue the injunction in force. The order entered October 8th simply corrected the orders of September 19th and 20th. By asking the court to cause the orders which it had actually made to be corrected of record, the appellants did not assent to the correctness of the orders, nor waive their right to appeal therefrom. The orders were not made at their request, because the court, by its orders, denied them the relief which they asked. While the decision was ad-

verse to their contention, they had an interest in having the orders actually made correctly entered of record; and their request to have this done will not bar their right of appeal.

It is next contended that the order entered on October 8th did not continue in force the injunction granted June 23d, and was wholly inoperative, because the injunction continued, and still continues, in full force, by virtue of its own terms. The provisions of section 7 of the appellate court act (26 Stat. 826) are remedial in their nature, and ought to be liberally construed. An interlocutory injunction may prove as destructive to the interests of the party enjoined as would a perpetual injunction granted on final hearing; and it was the obvious purpose of congress to enable the party thus injuriously affected to have a speedy review, that he may be relieved from the consequences of a wrongful or improvident injunction. The order appealed from in terms dissolved the injunction so far as it related to the National Gazetteer Association, and adjudged that it be "continued in force and effect as to all the other defendants until the final hearing, or until the further order of the court." It is argued that this order ought not to be construed as one continuing in force the injunction of June 23d, inasmuch as the section in question was only intended to apply to the case of an injunction having a definite limitation, and afterwards continued in force by a subsequent order, or to the case of an injunction granted by a district judge, which, under the provisions of sections 718 and 719, Rev. St., is limited in point of duration to the first term of the circuit court, and which for its continuance requires the order of that court. The section thus construed would limit the cases in which an appeal might be taken from an order continuing an interlocutory injunction to the two classes of cases just mentioned. We are not disposed to give it so narrow a construction. When a temporary injunction is granted to continue in force "until the further order of the court," and a motion is made to dissolve it, the continuance of the injunction in force is the question for hearing and judgment, and it is the duty of the court either to dissolve the injunction or continue it in force; and when the court refuses to dissolve the injunction, or orders it continued in force, its operation and effect thereafter depend upon the order so made. This construction gives effect to the plain language of the statute, and best effectuates the remedial purpose of its enactment. The case of Boston & A. R. Co. v. Pullman's Palace-Car Co., 2 C. C. A. 172, 51 Fed. 305, in no wise conflicts with these views. That was a case which arose on the overruling of a petition for a rehearing and a motion to dissolve a perpetual injunction granted on a final hearing. In such a case the question of the continuance of the injunction was no longer in gremio legis. Besides, it was not a ruling touching an interlocutory injunction, and was therefore not within the terms of section 7.

The claim that the appellants failed to file with the clerk of the court below, at the time the appeal was prayed and allowed, an assignment of errors, is not supported by the record before us.

The filing of the bond with the clerk on the 10th day of October, in pursuance of the order of the court, was irregular; but we are not disposed to dismiss the appeal on account of such irregularity. The course pursued was undoubtedly attributable to the order of the court made on the 8th of October. The irregularity is one which was amendable below, and, as no substantial right of the appellee is affected by it, we are not disposed to dismiss the appeal for this reason.

The appellee insists that the appeal ought to be dismissed, because the surety in the appeal bond was not taken by the judge, but by the clerk of the court below.

Speaking of a like objection, the supreme court in O'Reilly v. Edrington, 96 U. S. 724, said:

"The security required upon writs of error and appeals must be taken by the judge or justice. Rev. St. § 1000. He cannot delegate this power to the clerk. Here the approval of the bond was by the clerk alone. The judge has never acted; but, as the omission was undoubtedly caused by the order of the court permitting the clerk to take the bond, the case is a proper one for the application of the rule by which this court sometimes refuses to dismiss appeals or writs of error, except on failure to comply with such terms as may be imposed for the purpose of supplying defects in the proceedings. Martin v. Hunters' Lessee, 1 Wheat. 361; Dayton v. Lash, 94 U. S. 112."

In our opinion, the like practice ought to be followed in this court; and we shall adopt it in the present case.

It is lastly insisted that the appellants did not file or cause to be filed with the clerk of this court, within 30 days from the time of the allowance of the appeal, a copy of the record. The copy of the record was filed October 27th, and within 30 days from the time the appeal was prayed and allowed from the order entered October 8th. And, if the appeal should be deemed to be taken from the order of September 19th, it ought not to be dismissed, for the reason urged, because the defect or irregularity in the time of filing the copy of the record is cured by its subsequent filing, unless a motion to docket and dismiss has been previously made. Rule 16 of this court (47 Fed. viii.); Freeman v. Clay, 1 C. C. A. 115, 48 Fed. 849. This question has been ruled in the same way in a former unreported decision of this court.[1]

The order of the court is that this appeal shall stand dismissed unless the appellants shall within 10 days file with the clerk below a bond in such penalty as is fixed by the court below, and to be approved by the judge of that court, and cause a certified copy thereof to be filed with the clerk of this court. Upon the filing of a certified copy of such bond with the clerk of this court, the motion to dismiss shall stand overruled.

---

[1] Woodland Mill Co. v. Standard Oil Co. (No. 60). No opinion was filed in this case.