BAKER v. WALTER BAKER & CO., Limited.

(Circuit Court of Appeals, Fourth Circuit. November 10, 1897.)

No. 245.

APPEALABLE DECREES—REFUSAL TO DISSOLVE INJUNCTION.

When the circuit court, after final hearing, has made an interlocutory order for a perpetual injunction, it has concluded the matter so far as it is concerned; and, if the defendant fail to appeal within the 30 days allowed by the statute, his only remedy is by appeal after final decree. He cannot thereafter move the court to dissolve the injunction, and then take an appeal from its order denying his motion.

Appeal from the Circuit Court of the United States for the Western District of Virginia.

This was a suit in equity by Walter Baker & Co., Limited, against W. H. Baker, for infringement of a trade-mark. The circuit court, after a final hearing, granted a perpetual injunction. 77 Fed. 181. The present appeal is taken by the defendant from an order refusing to modify the decree in certain respects, and also refusing to dissolve the injunction.

W. L. Putnam and George G. Grattan, for the motion.

R. T. Barton, opposed.

Before GOFF and SIMONTON, Circuit Judges, and BRAWLEY, District Judge.

SIMONTON, Circuit Judge. This case is here on appeal from the circuit court of the United States for the Western district of Virginia. The appellees now move to dismiss the appeal on the ground that this court is without jurisdiction to entertain it. The cause in which the appeal is taken was instituted for the infringement of a trade-mark. The pleadings having been completed, and all the evidence closed, the case came to a hearing on the merits; whereupon the court below, on the 11th of September, 1896, ordered an injunction to issue, perpetually restraining the defendant, his servants and agents, from using the trade-mark in controversy. In the decretal order the court reserves for the present the question of directing an account of profits or damages. No appeal was taken from this decree by the defendant. It appears from the record that there was also pending in the circuit court of the United States for the Southern district of New York another suit involving the same question brought by the same complainants, Walter Baker & Co., Limited, against James Elwood Sanders, who was the agent of the defendant in the Virginia case. This cause having been carried by an appeal to the circuit court of appeals of the Second circuit, that court, on the 29th of April, 1897, modified the decree of the court below, and entered a decree in effect the same as that entered in the Western district of Virginia, but differing somewhat in detail. Thereupon the defendant in the last-named case filed his petition in the circuit court of the United States for the Western district of Virginia, praying that the decree of the 11th of September, 1896, be modified and reheard in certain particulars, and for a decision of the question of an account of profits

or damages which had been reserved in said decree. This petition came on to be heard on the 20th of July, 1897, and at that hearing the defendant also entered a motion to dissolve the injunction granted on the 11th of September, 1896. The court, hearing the petition, refused the prayer thereof, and declined to modify the decree, except in cer tain particulars, to which the complainants had signified their consent. It also ordered a reference to a master to take an account of the profits or damages, and, passing upon the motion to dissolve the in- junction, refused so to do. Thereupon the defendant obtained leave for an appeal upon the assignments of error in the record. Is this ap- peal within the jurisdiction of this court?

The appellant rests his case upon the act of congress of February 18, 1895 (28 Stat. 666), amending the seventh section of the act of March 3, 1891 (26 Stat. 826). This act is in these words:

"Where, upon a hearing in equity in a district court or a circuit court an in- junction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused in a case in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or re- fusing to dissolve an injunction to the circuit court of appeals: provided, that the appeal must be taken within thirty days from the entry of such order or decree," etc.

It will be seen from an inspection of this act that there are but three qualifications to the right to appeal therein provided for. The action of the court complained of must be by interlocutory order or decree. The case must be one in which an appeal from a final decree can be taken to the circuit court of appeals. The appeal must be taken within 30 days from the entry of the order or decree. There can be no doubt that the decree of September 11, 1896, granting the perpetual injunction, and reserving the question of a reference, is an interlocutory decree, under the statutes we have been construing. See Worden v. Searls, 121 U. S. 14, 7 Sup. Ct. 814; Richmond v. At- wood, 2 C. C. A. 596, 52 Fed. 17; Bissell Carpet-Sweeper Co. v. Goshen Sweeper Co., 43 U. S. App. 47, 19 C. C. A. 25, and 72 Fed. 545. So, also, the decree of the 20th of July, 1897, in which a reference for an accounting is ordered, is, for the same reason, an interlocutory decree.

The appellant insists that, his motion to dissolve the injunction hav- ing been refused by this interlocutory decree, he comes within the terms of the act of 1895. It is true that, contradistinguished from a final decree from which an appeal is usually allowed, this decree of July, 1897, is an interlocutory decree; that is to say, some ques- tions in the cause remained undecided, the decision of which is neces- sary before the opinion of the appellate tribunal can be had on the case. But this does not conclude the question, nor does it mean that every question in the cause remains open and within the reach of controversy in the circuit court. In its decree of the 11th of Sep- tember, 1896, the court below, after a full hearing on the merits, passed finally upon the question as to the perpetuity of the injunction, and ordered it to issue. Thenceforward its action in this respect was final, and ceased to be within its control, certainly after the expira-

tion of the term at which the order was entered. The only mode of reaching the decree upon this point in the court below was upon a motion for a rehearing. Coupling the motion to dissolve the injunction with the petition for a rehearing of the case was, in effect, a motion to rehear the decree upon the issuance of the perpetual injunction. The refusal of the court to reconsider and rescind its action in this regard was conclusive of the matter, and is not appealable. Boston & A. R. Co. v. Pullman's Palace-Car Co., 2 C. C. A. 172, 51 Fed. 305; Henley v. Hastings, 3 Cal. 342.

Where an injunction has been granted to continue in force until the further order of the court, the court retains its control of the matter; and, if a motion is made to dissolve the injunction, the refusal of that motion is appealable under the act of 1895. But when a court, after a final hearing, has made an order for the issuance of a perpetual injunction, it has concluded the matter so far as it is concerned. If the defendant is dissatisfied, he can carry the case to the circuit court of appeals, provided he makes his appeal within 30 days from the entry of the order. If he suffers this period to elapse, his only remedy is by an appeal after final decree. See Chicago Dollar Directory Co. v. Chicago Directory Co., 13 C. C. A. 8, 65 Fed. 463; Boston & A. R. Co. v. Pullman's Palace-Car Co., 2 C. C. A. 172, 51 Fed. 305. Were this not true, a party against whom a perpetual injunction has been issued after a full hearing on the merits can interrupt the references taken under the decree by a motion to dissolve, and bring the case up into this court at any time it suits his convenience. This would violate the spirit and purpose of the acts of 1891 and 1895, and is contrary to the proviso which requires an error in that respect to be corrected by an appeal within 30 days from the entry of the decree. We are of opinion that failing to perfect his appeal from the decree of the 11th of September, 1896, which ordered the issuance of a perpetual injunction after a final hearing on the merits, the defendant below has lost his right to appeal, in the present condition of the cause, to this court. The appeal is dismissed, with costs.