### LAURAINE v. FIRST NAT. BANK OF WHITNEY et al. (No. 7601.)

(Court of Civil Appeals of Texas. Galveston. June 20, 1918.)

1. RECEIVERS ⇐55—PETITION FOR APPOINTMENT—EFFECT OF INSUFFICIENCY.

Mere defects in the petition upon which the receiver was appointed would not render the receivership proceedings void.

2. RECEIVERS ⇐56 — APPOINTMENT — WHO MAY QUESTION.

Where petition for appointment of receiver stated a cause of action within the jurisdiction of the court, the judgment, however erroneous, cannot be set aside for defects in the pleading, especially when attacked by parties who actively procured its rendition and acquiesced in subsequent orders.

3. RECEIVERS ⇐56—APPOINTMENT—FAILURE TO OBJECT—EFFECT.

The failure of defendants to except to the petition or appeal from the order appointing a receiver precludes them, on denial of later motion to vacate the order of appointment, from complaining on the ground that the petition for appointment was defective and the order improvidently made.

4. RECEIVERS ⇐60 — TERMINATION OF RECEIVERSHIP.

Where none of the judgments have been executed, and no judgment has been rendered in a suit in intervention against the receiver, there is a necessity for continuing the receivership, although the receivership is no longer necessary for the protection, preservation, and disposition of the insolvent's property.

5. RECEIVERS ⇐60 — TERMINATION OF RECEIVERSHIP.

If Vernon's Sayles' Ann. Civ. St. 1914, art. 2153, requiring corporation receiverships to terminate within three years in the absence of

litigation preventing it, could be held to apply to individual receiverships, it would not authorize termination of receivership of individual, pending litigation.

Appeal from District Court, Harris County; Chas. E. Ashe, judge.

Suit by the First National Bank of Whitney against Margaret E. and A. C. Allen. On death of Margaret E. Allen, W. V. Lauraine, as her administrator, was made a party. The administrator moved to vacate order appointing receiver, to terminate receivership, and discharge the receiver, and H. Masterson and Eliza Kempner, interveners, filed their opposition thereto. From denial of the motion, the administrator appeals. Affirmed.

Jno. G. Tod and Cooper & Merrill, all of Houston, for appellant. H. Masterson and Elliott Cage, both of Houston, and Williams & Neethe, of Galveston, for appellees.

PLEASANTS, C. J. This appeal is from an order of the trial court refusing to grant a motion filed and presented in said court by W. V. Lauraine, administrator of the estate of Margaret E. Allen, deceased, to vacate an order appointing a receiver of all the property belonging to Margaret E. Allen and A. C. Allen, and to terminate said receivership and discharge the receiver. The receivership was granted and a receiver appointed on December 26, 1908, in a suit brought by appellee First National Bank of Whitney against Margaret E. and A. C. Allen.

The grounds upon which appellant sought to have the receivership vacated, and the substance of appellees' answer to the motion, are sufficiently stated in appellant's brief as follows:

"(1) That the original order appointing the receiver was improvidently made.

"(2) Said receivership having existed for more than eight years, it was the duty of the court to terminate the same without further unnecessary delay.

"(3) That no necessity exists for the further continuation of the receivership.

"On the 13th day of July, 1917, the defendant A. C. Allen filed his reply to the motion, in which he pleaded to the jurisdiction of the court, and alleged his adjudication in bankruptcy on the 30th day of August, 1913, by the United States District Court for the Western District of Texas, at Waco, and alleged that that court was the only tribunal having jurisdiction over his insolvent estate. Said answer further adopted the allegations filed by W. V. Lauraine, and prayed that in the event his plea to the jurisdiction be overruled, then that the prayer of the said W. V. Lauraine for the discharge of the receiver and the termination of the receivership be granted.

"On the 11th day of July, 1917, the interveners, H. Masterson and Eliza Kempner, filed their opposition to the motion, in which they alleged their ownership of practically all of the claims existing against the estate of Mrs. Margaret E. Allen and against the said A. C. Allen, and sought to prevent the discharge of the receiver upon the following grounds:

"(1) That the matters at issue had been adjudicated adversely to the contention of the petitioner, W. V. Lauraine, for this: (a) That on the 23d day of July, 1913, T. N. Jones, acting as guardian of Mrs. Margaret E. Allen, a person non compos mentis, filed in said district court his application for the discharge of the receiver, which motion was by the court overruled on the 7th day of October, 1913. (b) That on November 13, 1913, S. E. Stratton, as trustee in bankruptcy for A. C. Allen, filed his independent suit in the trial court by which he sought to compel the delivery to him as such trustee by the receiver of all the property belonging to the estate of A. C. Allen, which cause was heard on the 14th day of November, 1914, and the relief prayed for by the trustee in bankruptcy refused. (c) That on the 7th day of June, 1915, W. V. Lauraine, acting as temporary administrator of the estate of Mrs. Margaret E. Allen, deceased, filed in said court his motion praying for substantially the same relief as is prayed for in this motion, which was duly overruled by the court on the 31st day of July, 1915; that no appeal was taken from the adverse decision on any of said occasions, but that the said W. V. Lauraine applied to the Supreme Court of Texas for a writ of mandamus to compel the judge of the district court to require his receiver to deliver over to the said W. V. Lauraine, as such administrator, the property in the hands of the receiver belonging to the estate of Mrs. Margaret E. Allen, deceased, such relief by mandamus was refused by the Supreme Court.

"Interveners denied that the original order for receivership had been improvidently made, and that since the same had been made many judgments had been rendered on interventions therein, and that the court had continuously and repeatedly recognized and reaffirmed the validity of the appointment by various orders entered in such proceeding; that A. C. Allen had repeatedly acquiesced in and recognized the validity of such appointment, and had on several occasions sought the protection of the court with respect thereto, and that Mrs. Margaret E. Allen, acting through her duly appointed guardian, had likewise recognized and acquiesced in and sought the benefit of such receivership, and that by reason thereof both the administrator and the said A. C. Allen are estopped from now questioning the validity of the receivership; that if said receivership has been unduly prolonged that the same was chargeable to the defendant A. C. Allen, and to Mrs. Margaret E. Allen and her guardian and the administrator of her estate; that the claims of interveners are secured by mortgages upon the whole of the property belonging to the said A. C. Allen and the estate of Mrs. Margaret E. Allen, and that the liens created by such mortgages can only be enforced through the decree of the district court and the sale of the interest of both estates in the property described in the mortgage; that interveners were the owners, not only of the claims set up in their petition of intervention, but also the judgments theretofore entered in this cause in favor of J. J. Sweeney, H. Masterson, Jno. C. Williams, R. M. Vaughn, Kahn Bros., and H. M. Atkinson, each of which claims was secured by lien."

The court, on July 13, 1917, after a full hearing upon the motion, refused to terminate the receivership. From the order refusing to grant the motion, appellant prosecutes this appeal.

The record discloses the following facts: It is alleged in the petition for the appointment of a receiver that the suit "is brought on behalf of plaintiff and any and all other creditors of said defendants who may wish to join herein and bear their proportionate part of the expense." The claim upon which plaintiff based its suit was a joint and several judgment against A. C. Allen, Mrs.

Margaret E. Allen, and H. Masterson, who was surety for the Allens on the note on which the judgment was rendered. A judgment lien was claimed upon all of the real estate belonging to the Allens. There are no allegations that the Allens or Masterson were insolvent. A list of all the property, real and personal, belonging to the Allens is attached to the petition as an exhibit, which exhibit is referred to in the petition for a description of the property. A large number of conflicting claims and liens is shown, and it is alleged that the value of the property would be greatly depreciated to the injury of both debtors and creditors, unless a receiver is appointed. A. C. Allen, for himself and his mother, Margaret E. Allen, accepted service in the suit, and the evidence discloses that as a matter of fact the receivership proceedings were begun at their instance.

Many creditors have intervened in the receivership proceedings, and claims have been adjudicated therein amounting to approximately $500,000. Judgments have been rendered for many of these interveners, and these judgments have been taken up by the appellee interveners, Masterson and Kempner. In none of these litigations has any exception been made to the sufficiency of the petition upon which the receivership was granted, and the judgments establishing the claims of the various interveners have with few exceptions not been appealed from. Appellees H. Masterson and Eliza Kempner intervened in the receivership suit in April, 1913. Their claim is based upon a contract entered into in September, 1909, less than a year after the commencement of the receivership, between H. Masterson and the Allens, having for its purpose the furnishing of money by Masterson and his associate, afterwards Mrs. Kempner, to take up the debts against the Allens, for their living expenses, the collection of their rents, the payment of their taxes, the closing of the receivership, and the allowing of time in which they might be able to sell property in order to satisfy the claims taken up and the advances made, all in consideration of an agreed compensation. Masterson and Mrs. Kempner were secured by mortgages on all the property. Under this contract claims amounting to many thousands of dollars were taken up by Masterson and associate, and money was advanced by him to the Allens for living expenses, rents collected, taxes paid, and time allowed in which to sell, etc. Ultimately, controversies arose between Masterson and Kempner and the Allens, which are reflected in the proceedings referred to. This explains why Masterson and Kempner are the holders of all the claims, they having been substituted to the rights of original holders. None of the property of the estate has been sold, except one piece of land. In 1913, Mrs. Margaret E. Allen was adjudged insane, T. N. Jones being appointed her guardian, and A. C. Allen was

adjudged a bankrupt. The trustee in bankruptcy and the guardian of Mrs. Allen each attempted to procure an order from the court below terminating the receivership and transferring Mrs. Allen's portion to the guardian and that of A. C. Allen to the trustee. These orders were refused by the court, and no appeal was taken from the judgments.

After the death of Mrs. Allen and the appointment of appellant as administrator of her estate, he applied for an order terminating the receivership as to the property belonging to Mrs. Allen and transferring the administration thereof to the probate court. This application was refused by the court below, and no appeal was taken by the administrator. Subsequently the administrator applied to the Supreme Court for a writ of mandamus to compel the court below to transfer the administration of the property to the probate court. This application was refused. The opinion of the Supreme Court upholding the jurisdiction of the court below to continue to administer the property through its receiver, notwithstanding the death of Mrs. Allen and the appointment of an administrator of her estate, is reported in (Sup.) 191 S. W. 563, the style of the case being Lauraine v. Ashe.

In the spring of 1909 J. J. Sweeney intervened on notes and mortgages of the Allens, claiming largely more than $200,000, and an agreed judgment in his favor was entered February 23, 1911, for about $163,000, and foreclosing lien. This judgment was agreed to by the Allens. In 1913, after Jones' appointment as guardian, he attacked this judgment because of Mrs. Allen's alleged insanity, but later declined further to prosecute it, and in December, 1914, another judgment was rendered in Sweeney's favor re-establishing the former one as against Mrs. Allen. Vaughn, Atkinson, Williams, Kahn, and Masterson intervened in the receivership in 1913 upon notes and mortgages given in 1911, amounting to about $40,000, and no defense whatever being set up, judgments were rendered in their favor about the same time as the last Sweeney judgment. Lauraine was thereafter appointed administrator of Mrs. Allen's estate, upon A. C. Allen's waiver of his prior right to administer, and just before writs of error would have been barred, Lauraine prosecuted them from the judgments in favor of Sweeney and each of the others named. The writ in the Sweeney Case was dismissed by this court for delay in briefing, and the other judgments were affirmed. The opinion of this court affirming the judgment in the case of Lauraine v. Masterson is reported 193 S. W. 708. The opinions in the Vaughn, Atkinson, Williams, and Kahn Cases were memorandum opinions based on the Masterson Case. A writ of error was denied by the Supreme Court in each of these cases.

Sweeney, in 1913, prior to the bankruptcy of Allen and the adjudication of Mrs. Allen's

insanity, undertook to have the property included in his foreclosure sold by the sheriff under order of sale, claiming that the right to do so was secured by provisions in his original judgment. The Allens applied to the district court in the receivership for an injunction to prevent such sale, on the ground that the property was in the hands of a receiver, and could not be sold by the sheriff. Sweeney thereupon applied to the court for an order for the receiver to sell the property, and was met by further objection from the Allens, and the order was refused. These efforts of Sweeney to sell were after the expiration of two years' stay allowed in the original judgment in his favor, in which the Allens might sell property to pay his debt. In the receivership, receiver's certificates for nearly $8,000, have been issued and sold from time to time from December, 1916, mainly to raise money to pay taxes. These certificates are outstanding.

The first assignment charges that:

"The court erred in not sustaining the motion of W. V. Lauraine, administrator, to terminate the receivership herein and to discharge such receiver, there being no lawful grounds for the appointment of a receiver at the time a receiver was appointed and no subsequent conditions arising after the appointment of the receiver that would authorize the appointment of a receiver in said cause."

Under this assignment it is contended:

First, that "the court was without legal authority to appoint a receiver on the petition filed by the First National Bank of Whitney, for the reason that said petition disclosed no controversy or cause of action between the plaintiff and the defendants, or either of them, and sought no relief other than the receivership, except an injunction in aid of such receivership"; second, that said petition was fatally defective and insufficient to authorize the appointment of a receiver for the reason that it shows upon its face that the judgment upon which the suit was based was not only against the defendants named in the petition, but also against H. Masterson, and the insolvency of Masterson is not alleged; third, that said petition was insufficient in that it failed to allege that execution had been issued upon the judgment and returned unsatisfied; fourth, that "the receivership /was improvidently granted, for the reason that no property belonging to either of the defendants was described in the petition, and the judgment of the court appoints a receiver of all of the property belonging to said defendants, real, personal, and mixed, and directs him to take possession thereof, without describing any property and without respect to whether any portion of the property is exempt from forced sale."

**[1, 2]** Mere defects in the petition upon which the receiver was appointed would not render the receivership proceedings void. The allegations of the petition before set out presented a cause of action within the jurisdiction of the court, and the judgment of the court thereon, however erroneous it may have been, cannot now be set aside because of defects in the pleading, especially when such attack upon the judgment is made by parties who actively procured its rendition and subsequently acquiesced in and consented to many orders affecting the administra-

204 S.W.—65

tion of the property by the receiver. After all these years, and when the Allen estate no longer needs the protection of the receivership, and when rights of creditors who were induced to intervene in the receivership by the Allens for the adjudication of claims amounting to hundreds of thousands of dollars are dependent upon the validity of those proceedings, neither A. C. Allen nor the representative of the estate of Mrs. Allen will be heard to question the validity of the proceedings upon the ground of defects in the petition which do not affect the jurisdiction of the court. Defects in the petition of a character which might have been available to defeat the receivership had an appeal been taken from the order appointing the receiver would not authorize an order terminating the receivership.

If an appellate court should revise a judgment of a trial court overruling a motion to vacate an order appointing a receiver made long after the receiver was appointed, and based upon objections which should have been made at the time the appointment was made, and which do not affect the jurisdiction of the court or render the order granting the receivership void, such ruling would, in effect, abrogate the statute which provides that an appeal from an interlocutory order appointing a receiver shall be taken within 20 days after the order is entered of record.

It is clear that if a motion to vacate an order appointing a receiver upon the ground that error was committed in the proceedings, when the error complained of is not such as to render the proceedings void, can be entertained at any time, the order appointing a receiver would never become final and the statute which only gives 20 days in which to appeal from such order would be rendered nugatory and idle. We cannot believe the Legislature intended any such result in enacting the statute giving the right of appeal from an order overruling a motion to vacate an order appointing a receiver. Baker v. Baker, 83 Fed. 3–5, 27 C. C. A. 396.

**[3]** We think the failure of the Allens to except to the petition or to appeal from the order appointing the receiver now precludes A. C. Allen and the representatives of Mrs. Allen from complaining of the refusal of the trial court to vacate the receivership on the grounds that the petition for the appointment of the receiver was defective and the order appointing a receiver was improvidently made.

The second assignment of error assails the judgment on the ground that:

"The evidence shows no facts now exist which render the further continuation of the receivership necessary or proper for the protection, preservation, and disposition of the property belonging to either the estate of Mrs. Margaret E. Allen, deceased, or to the said A. C. Allen."

In the case of Lauraine v. Ashe (Sup.) 191 S. W. 563, our Supreme Court, in passing upon and refusing an application for man-

damus .to compel the court below to' vacate this receivership as to the property of Mrs. Allen and to deliver the property to appellant as administrator of the estate of Mrs. Allen, uses the following language:

"It is furthermore essentially true that when a court of equity in a cause of which ·it has jurisdiction takes possession of property through a receiver, the property is withdrawn from the jurisdiction of all other courts; and so long as its jurisdiction of the cause subsists, the court has the power, whether rightfully or wrongfully exercised. to continue the receivership. The power of the court to appoint the receiver proceeds from its jurisdiction of the cause and is an element of it. Jurisdiction of the property lawfully acquired may be maintained and exerted as a means of aiding and completing the exercise of its jurisdiction over the cause and giving effect to its judgment upon the rights involved. While the jurisdiction of the cause continues, therefore, the power of the court in respect to the receivership alike continues. Whether the receivership should be continued is to be governed·by the necessities of the case as related to the rights of the parties. But so long as the court maintains its jurisdiction of the cause, that is a question of judicial discretion. It is not one of judicial power. The exercise of judicial discretion is, of course, not subject to control by mandamus."

In the case of Lauraine v. Masterson, 193 S. W. 708, this court held that the district court was authorized to continue the receivership for the purpose of directing a sale of the property by the receiver in satisfaction of the judgment rendered in Masterson's favor. A writ of error was refused by the Supreme Court in the Masterson Case.

[4] The evidence in this case shows that none of the ·judgments rendered in the receivership have been executed by the sale of the property upon which liens were established and foreclosed. It is also shown that judgment has not yet been rendered in the suit in intervention by appellees Masterson and Kempner, and that other matters and claims pending in the receivership are still undisposed of. We think a necessity for the continuation of the receivership is conclusively shown by the evidence, and it is not material that the receivership is no longer necessary "for the protection, preservation, and disposition of the property" of Mrs. Allen's estate or of A. C. Allen. The rights of appellees and others interested in the receivership are equally entitled to protection and preservation, and in order to fully protect the rights of appellees and other interveners in the receivership who have claims against the Allens secured by liens upon the lands jointly owned by A. C. Allen and the estate of Mrs. Allen it is necessary, as held by this court in the Masterson Case, that the receivership be continued until such claims and liens shall have been determined and the property upon which liens shall be adjudged sold by order of the district court in satisfaction of said liens.

[5] It is contended by appellant under the second assignment that the fact that this receivership has been pending nine years

made it the duty of the trial court to terminate it. If article 2153, Vernon's Sayles' Civil Statutes, which provides that receiverships of corporations must be terminated in three years, unless the winding up of the affairs of the corporation is prevented by litigation, could be held to apply to a receivership of property of individuals, it would not authorize the termination of this receivership, because, as shown by the facts above set out, litigation between the owners of the property and the interveners is pending and the enforcement of judgments heretofore rendered in the receivership has been delayed by litigation prosecuted by appellants.

We think the motion to terminate the receivership was properly overruled, and the judgment of the trial court must be affirmed.

Affirmed.