Frances Merle Ellis PFEIFFER, a Feme Sole, Appellant,

v.

Harold Phillip PFEIFFER, Appellee.

No. 14605.

Court of Civil Appeals of Texas.

Houston.

Oct. 7, 1965.

Rehearing Denied Oct. 28, 1965.

John W. Mitchell, Houston, for appellant.

J. Paul Pomeroy, Jr., Houston, for appellee.

COLEMAN, Justice.

This is an appeal from an order of the District Court of Harris County, Texas, appointing a temporary receiver for the assets of a trust estate.

Appellant first complains of the action of the trial court in overruling her motion for continuance. As grounds for continuance appellant urged that an audit of the trustee's accounts, previously ordered by the court, had not been completed and filed; that appellant did not have sufficient time to prepare her case prior to the date set for the hearing; and that appellant was not able to attend court because of sickness.

This suit was instituted on August 10, 1964, by a petition in which appellees, residuary beneficiaries of the trust in question sought an audit of the books and records of the trust and an accounting by the trustee, who was entitled to receive all income from the trust for life. On the 18th day of September, 1964, after a hearing, the court appointed an auditor to audit the books of the trust and to prepare an accounting. On January 29, 1965, appellees filed an amended petition in which they alleged mismanagement and misconduct on the part of appellant in the execution of the trust and sought the removal of the trustee and the appointment of a temporary receiver, pending the outcome of the suit for removal. A hearing on this matter was set down for February 4, 1965, and subsequently postponed to February 16, 1965. The attorney representing appellant apparently has advised her since her qualification as trustee. All books and records of the trust were in the possession of the trustee and were examined by the court-appointed auditor in the office of her attorney. Appellant might well have been put on notice of the nature of appellees' contentions on the filing of the original petition in August, 1964. Appellant was able to be present and to testify at the hearing. The trial court did not abuse his discretion in refusing the motion for continuance.

Appellant also complains that the trial court erred in appointing the receiver because there was no need therefor and no showing of probability of ultimate recovery. The principles of law applicable to applications for temporary receiverships are discussed in Gunther v. Dorff, Tex.Civ.App., 296 S.W.2d 638, writ dism., w.o.j. There is evidence in this case from which the trial court might have found that there was danger that the property remaining in the trust fund would be lost, destroyed or materially injured unless a receiver was appointed, and that ultimate recovery by applicants was probable.

However, the principal assest in the hands of the trustee was the certificate of ownership to a substantial bloc of stock in a corporation controlled by appellees. The fact that the trustee could vote this stock and thereby elect one member of the Board of Directors of the Corporation would not be evidence of danger of serious injury to the trust even though the director might be a disruptive influence as charged.

Appellant offered to agree to an order enjoining the sale of the stock pending the litigation.

In Gunther v. Dorff, supra, the court said:

"Receivership is one of the harshest remedies known to the law, and should never be awarded where adequate legal or less onerous equitable remedy is available. Joy v. Joy, Tex.Civ.App., 153 S.W.2d 180; Shell Petroleum Corp.

. v. State, Tex.Civ.App., 86 S.W.2d 245."

 The order of the court appointed a receiver to "take charge of the assets" of the trust. The assets consisted of the stock certificate and a claim to certain real estate. The order grants the receiver no other powers and imposes on him no other duties. Under the record before us we are unable to say with certainty that injunctive relief would be as effective as a receivership in preserving the estate, bearing in mind the power of the court to issue further order to the receiver respecting the property. Nor can we say that the receivership is materially more onerous than an injunction would have been. The trial court, therefore, did not abuse his discretion in appointing the receiver. Stanley v. Henderson, 139 Tex. 160, 162 S.W. 2d 95; Brown v. Faulk, Tex.Civ.App., 231 S.W.2d 743; Zanes v. Mercantile Bank and Trust Co., Tex.Civ.App., 49 S.W.2d 922, writ ref.

 At the time the order appointing the receiver was entered, no applicant's bond required by Rule 695-a, Texas Rules of Civil Procedure, had been filed and the court's order failed to condition the appointment on the filing of such bond. The filing of such a bond is essential to the appointment of a receiver. O'Connor v. O'Connor, Tex.Civ.App., 320 S.W.2d 384, writ dism.

Some six days after the entry of the order appointing the receiver, and after the filing of an appeal bond in this case, the trial court entered an order setting the amount of the applicant's bond. On that day the applicant's bond was filed along with the receiver's oath and bond. Thereafter the order appointing the receiver was properly superseded. Thereafter the appeal was perfected by filing the transcript and statement of facts in this Court.

 While the trial court erred in entering the order appointing a receiver prior to the filing of the applicant's bond, this error was corrected by the court while the matter was yet under his control. There was substantial compliance with the rule, a circumstance not present in O'Connor v. O'Connor, Tex.Civ.App., 320 S.W.2d 384, writ dism. Under such circumstances reversible error is not shown. Carleton v. Dierks, Tex.Civ.App., 195 S.W.2d 834; Shell Petroleum Corp. v. Grays, Tex.Civ. App., 87 S.W.2d 289, writ dism.

We think it unnecessary to discuss the various motions filed in connection with the appeal, and order that each of them be denied.

The judgment of the trial court is affirmed.