James D. O'CONNOR, Appellant,

v.

C. J. O'CONNOR et al., Appellees.

No. 7246.

Court of Civil Appeals of Texas.

Texarkana.

June 28, 1960.

Rehearing Denied Aug. 2, 1960.

James D. O'Connor, W. H. Hall, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, W. M. Taylor, Jr., Dallas, for appellees.

PER CURIAM.

James D. O'Connor has appealed from an interlocutory order of the 160th Judicial District Court, Dallas County, Texas, of December 4, 1959, appointing a receiver to take charge of real and personal property of the estates of Ellen O'Connor, and T. J. O'Connor, the deceased parents of defendant and defendant's brothers, C. J. O'Connor and Arthur D. O'Connor (now deceased). Flossie Mae O'Connor, the widow of Arthur D. O'Connor, deceased, was originally sued as a defendant, but by her pleadings and action of the court she was re-aligned as a plaintiff. The receiver was given certain powers, including the power to collect rents and pay expenses, etc., and the defendant James D. O'Connor was ordered by the trial court to render an accounting for rents and revenues received from the property in question, etc. The applicants for receivership also timely made and filed a proper bond (under the requirements of Rule 695–a, Texas Rules of Civil Procedure) in the sum of $1,000 which was properly approved. The receiver's bond was set at $1,000 and timely made, filed and approved. The receiver timely made and took a proper oath as receiver. Appellant James D. O'Connor also superseded the judgment by filing a supersedeas bond in the sum of $12,500, set by the trial court, which was timely filed and properly approved.

Appellant has filed no statement of facts in the case, and states in his brief that he relies on questions of law appearing in the transcript for a reversal of the case.

Appellant presents 18 points of error. By his first 4 points of error appellant seeks to raise the question of the jurisdiction of the trial court to appoint a receiver and to require an accounting and claims error because he was not sued in his capacity as independent executor of the estates of T. J. and Ellen O'Connor, deceased.

Appellees in their brief reply to appellant's first 4 points in part as follows:

"This is a second appeal of this case by Appellant from an Order appointing a Receiver of said properties. The first opinion by the Court of Civil Appeals at Dallas appears in O'Connor v. O'Connor, 320 S.W.2d 384 (writ dis., w. o. j.). The law of this case as stated therein was of course before the Trial Judge at the time the Order, now appealed from, was entered. As appears from that opinion and from Appellee's sworn pleading (Plaintiff's First Amended Original Petition, Tr. 13–19), Appellee C. J. O'Connor, Arthur D. O'Connor, deceased, and Appellant James D. O'Connor, brothers, inherited the three pieces of real estate involved in this lawsuit from their deceased father and mother, T. J. and Ellen H. O'Connor. The mother died in 1953 and the father died in 1954, and Appellant became independent executor of the Estates and proceeded to collect the rents and revenues from the property in question, at least from August of 1954 down to the present. Upon the absolute refusal of Appellant James D. O'Connor in this fiduciary or trust capacity to account for any of the rents and revenues from said property this suit was filed. As shown by the transcript, Pages 3–4, on June 26, 1958, Appellant James D. O'Connor was ordered by the Judge of the 134th District Court of Dallas County to make a full and complete accounting, under oath, of all properties, together with rents, revenues, and income from the Estates of his deceased father and mother by July 14, 1958. On July 14, 1958, Appellant James D. O'Connor requested additional time in which to make the inventory and the Trial Court extended the time until August 1, 1958. Appellant wholly failed to comply with this Order, and on August 8, 1958, Appellee C. J. O'Connor and A. D. O'Connor (since deceased) filed application for the appointment of a Receiver predicated on the absolute refusal and failure of Appellant to comply with the Court's order. On August 13, 1958 (Tr. 10, et seq.), the Trial Court ordered Appellant to make available all books, records, bank books, bank deposit slips, canceled checks, income tax returns, etc., pertaining to the Estates of Ellen O'Connor and T. J. O'Connor in the 134th District Courtroom in Dallas on or before August 15, 1958, and it is interesting to note that the Order advised Appellant and provided that upon his failure to comply with the Order of the Court a Receiver would be appointed.

"As appears from the opinion of the Court of Civil Appeals at Dallas in this case, 320 S.W.2d 384, James D. O'Connor appealed from the Order of the 134th District Court appointing a Receiver. In its opinion the Dallas Court goes carefully into the record, recites portions of the Statement of Facts showing the unwarranted and absolute refusal of James D. O'Connor to account for funds coming into his possession in his fiduciary capacity, pointing out that: 'It is well settled that courts of equity exercise jurisdiction in matters of accounting; especially so of a person standing in the relationship of a fiduciary or trustee'; and further that: 'It is the province of a District Court and not the Probate Court to call an Independent Executor to account (citing cases).'

"It then appears that Appellant in the former appeal was raising or seeking to raise the same points or propositions that are urged here in his First through Fourth Points of Error, that is, as to the jurisdiction of a District Court. It is noteworthy that Appellee did not sue James D. O'Connor in his capacity as Independent Executor. As pointed out by the

Court of Civil Appeals at Dallas, this was not necessary under the provisions of Article 2293, Vernons Annotated Civil Statutes, since this was an action between partners or others jointly interested in any property or fund where it is shown that the property or fund is in danger of being lost, removed or materially injured. This Honorable Court does not have the benefit of reviewing the evidence in this regard since Appellant decided to appeal this case upon the Transcript only, but regardless of that, it must be fairly apparent that in the light of Appellant's absolute refusal to account for these funds when called upon and ordered to do so by two different Trial Judges that any funds in his hands are in danger of being lost, removed or materially injured. Appellant James D. O'Connor, in his Answer, alleged that he had made an accounting to Plaintiff, that he was still willing and ready to make an accounting, that he had at that time in his hands all necessary papers, receipts and vouchers, and that he would be glad to furnish a copy of same to the Court and the Plaintiff (Tr. 34). * * * the Judge of the 160th District Court of Dallas County, Texas, found 'That Defendant James D. O'Connor has failed and refused to account for rents and revenues from said property that have come into his possession as Independent Executor of the Estates.' (Tr. 44, Lines 20–25.) * * *

"On the first appeal of this case, the Order appointing the Receiver was reversed because Appellees had failed to make bond as required by Rule 695–A, Texas Rules of Civil Procedure. Prior to the entry of the present Order appointing a Receiver that requirement was met. (Tr. 48.)

"* * * We feel that it would unduly add to the labors of the Court to undertake distinguishing the cases cited by Appellant because that has already been done by the Court of Civil Appeals at Dallas in its opinion on the former appeal. Without further argument we respectfully submit that Appellant's points questioning the jurisdiction of the District Court are without merit."

Appellees in their supplemental brief also state in part as follows:

"We refer the Court to the following excerpt from the opinion of the Court of Civil Appeals at Dallas on the former appeal of this case:

" 'Answering these points generally, Redditt's appeal involved no accounting such as is called for in the suit at bar, but one in connection with an action seeking to adjudge the estate as fully administered, which action the court held to be premature. Neither is the will contest of any particular significance, (though it should have been long since disposed of) relating only to "the homeplace" left to appellant; the property covered by this receivership being jointly owned by all three sons, either under the will or as heirs at law.' (O'Connor v. O'Connor, 320 S.W.2d 384, at page 390.)

"The purpose of this supplemental brief is to show the Court that the Will contest pending between the parties to this case has been disposed of, having been dismissed on the 6th day of February, 1959, and in support of this statement, we attach hereto for all purposes Exhibit A, being a certified copy of the Order sustaining James D. O'Connor's plea to the jurisdiction of the Court. It is to be seen that the will contest is disposed of on the ground that the transcript in the case was not timely filed in the District Court; hence, same was dismissed."

We have carefully reviewed the transcript, the briefs of the parties, and have carefully considered the case of O'Connor v. O'Connor et al., Tex.Civ.App., 320 S.W. 2d 384, wr. dis., w. o. j., and fully agree

with the above quoted portions of appellees' reply to appellant's first four points and agree with appellees that said points are without merit under this record. Appellant's points 1 through 4, inclusive, are overruled.

Appellant's remaining points are deemed to be without merit and as not presenting reversible error under the record in the case. These remaining points are also overruled.

The judgment of the trial court is affirmed.