James D. O'CONNOR, as Independent Executor of the Estate of T. J. O'Connor and Ellen O'Connor, deceased, Appellant,

v.

C. J. O'CONNOR and Flossie Mae O'Connor, et al., Appellees.

No. 19763.

United States Court of Appeals
Fifth Circuit.

March 29, 1963.

Rehearing Denied May 22, 1963.

---

James D. O'Connor, O'Connor & Douglass, Dallas, Tex., for appellant.

William A. Rembert, Jr., W. M. Taylor, Jr., John F. Townsend, Gordon MacDowell, Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., for appellee, C. J. O'Connor.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

T. J. O'Connor and Ellen O'Connor, husband and wife residing in Texas, executed a joint will in 1952 by which, when both were dead, the home place and another piece of property in Dallas, Texas, were devised to their son, James D. O'Connor, with the residuary estate to be divided equally among three children, James D. O'Connor, Arthur D. O'Connor and C. J. O'Connor. James D. O'Connor was named as executor. T. J. O'Connor and Ellen O'Connor are dead. James D. O'Connor qualified as Independent Executor of the estate of his parents. The controversies between Arthur D. O'Connor and C. J. O'Connor on one hand and James D. O'Connor on the other hand commenced soon after both of their parents were dead. In the litigation arising out of the family disagreements the 101st District Court for Dallas County, Texas, in a suit for an accounting and for a partition of the properties of the estate, entered an interlocutory order appointing a receiver for the estate and requiring an accounting. This order was affirmed. O'Connor v. O'Connor, Tex.Civ.App., 337 S.W.2d 829. See also O'Connor v. O'Connor, Tex.Civ.App., 320 S.W.2d 384.

James D. O'Connor, as Independent Executor of the estate of T. J. O'Connor and Ellen O'Connor, brought a suit in the Federal District Court against C. J. O'Connor, Flossie Mae O'Connor, widow of Arthur D. O'Connor, James F. McCarthy as receiver under the order of the Texas Court, and against Dallas A. Blankenship, Judge of the 101st District Court of Dallas County, Texas, seeking to enjoin further action in the state court proceeding, to restrain the sale of any of the estate property, to enjoin inter-

ference with the management of the estate by the plaintiff, who is the appellant here, and for actual and exemplary damages. The gravamen of his complaint is that he was sued in the state court individually and not in his representative capacity and because of this, it is asserted, the order of the state court appointing a receiver and directing an accounting is a nullity. The provisions of the Civil Rights Act are relied upon to give federal jurisdiction. Those provisions are:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983.

Motions to dismiss were filed by C. J. O'Connor and the receiver. Judge Blankenship filed an answer incorporating a motion to dismiss. Flossie Mae O'Connor filed an answer praying for a summary judgment. The district court, in a brief opinion, reached the conclusion that it was without jurisdiction and dismissed the action. From the order of dismissal this appeal has been taken.

The question here presented was raised in the Texas litigation and it was there decided that, under the law of Texas, it was not necessary that the appellant be sued in his representative capacity as executor for an accounting and for the appointment of a receiver where he had refused to account when called upon to do so. 337 S.W.2d 829. The Civil Rights Acts do not provide any general procedure for the review of judgments or decrees of state courts. It is only where there has been a deprivation of a federally guaranteed right that the federal courts will intervene to review the determination of the courts of a state. Hanna v. Home Insurance Co., 5th Cir., 1960, 281 F.2d 298. The capacity in which an executor may be sued is to be determined by the state law. Crowe v. Di Manno, 1st Cir., 1955, 225 F.2d 652. All of the persons who had any interest in the estate were parties to the Texas litigation. The case of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, upon which the appellant relies, is not pertinent to any question before us. There is no error in the judgment of the district court in dismissing the cause. The judgment is

Affirmed.