**Emma Schneider LAURIE et al., Appellants,**

**v.**

**George STABEL, Individually and as Independent Executor of the Estate of Edward Schneider, Deceased and the Estate of Mary Schneider, Deceased, Appellee.**

**No. 8284.**

Court of Civil Appeals of Texas, Amarillo.

June 26, 1972.

Gene E. Steed, Perryton, for appellants.

Gibson, Ochsner, Adkins, Harlan & Hankins, Sterling E. Kinney, Amarillo, for appellee.

REYNOLDS, Justice.

This appeal, lodged from a take nothing order following a hearing on the issue of removal of the independent executor involved in the litigation, is dismissed because the order appealed from is not a final judgment but is an interlocutory order from which no appeal is authorized.

Emma Schneider Laurie and twenty-two other persons, alleging themselves to be interested in the estates of Edward Schneider and Mary Schneider, both deceased, as heirs and beneficiaries named in the wills of the decedents, instituted this suit in the district court against George Stabel, individually and as independent executor of the two estates. This suit sought the removal of Stabel as independent executor under V.A.T.S. Probate Code § 222 because of certain alleged acts of misconduct and mismanagement; a temporary injunction restraining Stabel from exercising any further authority as independent executor; the appointment of a temporary receiver; the setting of bond in an amount proper to secure the estate property in the event Stabel is not removed; a full accounting; and a money judgment against Stabel. At the same time, a lis pendens notice was filed of record. Stabel answered by a general denial, a plea to the jurisdiction of the district court over any cause of action alleged and by special denials. With leave of court obtained, Stabel filed a cross-action against four other persons as third-party defendants for conversion of estate property and recovery of any judgment that may be rendered against him in connection therewith. The third-party defendants answered by a general denial. Thereafter, Emma Schneider Laurie and eleven of the original twenty-three plaintiffs filed an amended original petition seeking substantially the same relief prayed for in the original petition, except that the executor's removal was sought under both V.A.T.S. Probate Code § 222 "and under the law," the plea for a temporary receiver was expanded to first request the appointment of an administrator with will annexed, and the temporary injunction was abandoned. The nine other original plaintiffs applied for and were granted an order dismissing them from the suit as plaintiffs without prejudice.

In this state of the record, plaintiffs asked for a hearing before the court, and it was agreed and stipulated by and between counsel for plaintiffs and defendant with the court that the issue before the court was limited to whether or not there were sufficient legal grounds for the removal of the independent executor. It was further agreed and stipulated that no other issue was to be determined, and particularly not the issue of the money judgment sought, since a jury trial thereon might be requested. Neither the third-party defendants nor their counsel appeared at the hearing under the agreement that only the issue of removal would be heard.

Following the hearing at which evidence bearing on plaintiffs' contentions for removal of the independent executor was presented, the court entered a take nothing order against plaintiffs. No order of severance was requested or entered. At plaintiffs' request, the trial court made and filed findings of fact, one of which was that the removal was sought under V.A.T. S. Probate Code § 222 for alleged acts of mismanagement or misconduct, and the one

conclusion of law that the district court did not have jurisdiction to remove the independent executor on the grounds alleged. Plaintiffs filed objections to the findings of fact and conclusion of law, and a request for additional findings and conclusions was denied, to which plaintiffs objected by bills of exception ordered filed as a part of the record by the court. Between the time the appeal was perfected in the trial court and the date the record was filed in this court, the record was prepared to reflect that plaintiffs applied to the probate court · for an order to require Stabel to give bond, and in response thereto, Stabel posted a $50,000.00 surety bond. Stabel assigned sold and conveyed an undivided fifty per cent of all his interest in the two estates to his attorney. Plaintiffs then filed an instrument designed as a supplemental petition against Stabel, his attorney and the surety on Stabel's bond to set aside the conveyance to the attorney, to recover under the bond for Stabel's defaults and for additional damages.

These plaintiffs, as appellants in this court, have presented seventeen assertions of error on the part of the trial court in entering the take nothing order, which appellants view as a denial of all their pleaded grounds for relief. Defendant Stabel, as appellee, has replied after first filing his motion to dismiss this appeal on the ground that the order from which the appeal is attempted is not a final judgment or an interlocutory order from which an appeal is allowed. The motion to dismiss was carried forward to the submission of the case.

■■ An appellate court has jurisdiction of an appeal only from an interlocuto-ry order authorized to be appealed[1] or from a final judgment[2]. Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377 (1941). In giving consideration to the nature, form and effect of the court's pronouncement that aggrieves the appealing party, the pleadings and the evidence also must be taken into account. Ferguson v. Ferguson, 161 Tex. 184, 338 S.W.2d 945 (1960).

The hearing resulting in the take nothing order entered on the issue regarding the removal of the independent executor apparently was conducted under Rule 174, Texas Rules of Civil Procedure, which permits a separate trial of a separate issue. The separate trial contemplated by the rule results in an interlocutory order, Kansas University Endowment Association v. King, 162 Tex. 599, 350 S.W.2d 11 (1961), and the order entered here is not embraced within the categories of those interlocutory orders from which an appeal is authorized.

■■ Neither is the order complained of a final judgment. A judgment constituting the finality requisite to an appeal must dispose of all parties and of all issues in the suit, Davis v. McCray Refrigerator Sales Corporation, supra, terminating the litigation of the parties on the merits of the case so that nothing remains to be done except to execute the judgment. Hargrove v. Insurance Inv. Corporation, 142 Tex. 111, 176 S.W.2d 744 (1944). It is obvious from the factual recitation that the take nothing order entered upon the one stipulated issue between the appellants and appellee in the absence of the other parties who were then and now are parties to the suit is not a final judgment. It neither disposed of all the parties nor disposed of all the issues in the suit. Unsevered from

1. For interlocutory orders authorized to be appealed, see Vernon's Ann.Civ.St. arts. 2008 (plea of privilege) ; 2250 (*appointing* a receiver or trustee ; overruling a motion to vacate an order appointing a receiver or trustee) ; and 2251 (granting or dissolving temporary injunctions) ; and 4662 (granting, refusing, dissolving, or refusing to dissolve temporary injunction). See art. 1738a (injunction direct appeal to Supreme Court).

2. Vernon's Ann.Civ.St. art. 2249.

the issue tried by stipulation and still undisposed and now pending in this suit before the district court are issues between the parties which the district court has the jurisdiction and power to determine, among which are included, but not to the exclusion of other issues, the questions of appellants' entitlement to (1) appointment of a receiver, Vernon's Ann. Civ.St. art. 2293; Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980 (1933); O'Connor v. O'Connor, 320 S.W.2d 384 (Tex.Civ. App.—Dallas 1959, writ dism'd w.o.j.) [3]; Metting v. Metting, 431 S.W.2d 906 (Tex. Civ.App.—San Antonio 1968, no writ); (2) an accounting from appellee, V.A.T.S. Probate Code § 149A; O'Connor v. O'Connor, supra; Carter v. Brady, 423 S.W.2d 946 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); and (3) a claim against appellee under the circumstances of mismanagement alleged, Griggs v. Brewster, supra, Carter v. Brady, supra; and the determination of appellee's right to recover from the third-party defendants the property alleged to be a part of the estate. Adams v. Bankers' Life Co., 36 S.W.2d 182 (Tex.Com.App.1931, holding approved).

■ Long established in Texas has been the rule that the district court, by virtue of its general powers, can, in the proper case, call the independent executor to account, Jerrard v. McKenzie, 61 Tex. 40 (1884), and, considering the pleadings and the evidence, it is apparent that neither these parties nor the court treated the hearing, and the resulting order, as a final adjudication of all the merits between all the parties. It follows that the order entered by the trial court is not a final judgment, but it is an interlocutory order from which no appeal is authorized. In the absence of a severance, appellants will have the right to complain of the interlocutory order by appeal when but not before it is merged in a final judgment disposing of all the parties and all the issues in this suit. Appellee's motion to dismiss is granted.

The appeal is dismissed.

ELLIS, C. J., not sitting.

---

3. See also O'Connor v. O'Connor, 337 S.W. 2d 829 (Tex.Civ.App.—Texarkana 1960, no writ); O'Connor v. O'Connor (5th Cir. 1963), 315 F.2d 420.