James E. BEARDON, Appellant,

v.

Raymond L. STEWART, Appellee.

No. 07–82–0044–CV.

Court of Appeals of Texas, Amarillo.

July 21, 1983.

COUNTISS, Justice.

This appeal emanates from an original mandamus proceeding in County Court at Law Number 2 of Lubbock County, Texas. Because no final appealable judgment has been entered by the trial court, we must dismiss the case for lack of jurisdiction.

In the Municipal Court of Lubbock, Texas, appellee Raymond L. Stewart was convicted of a traffic offense. He then perfected an appeal to County Court at Law No. 2 of Lubbock County and designated various matters for inclusion in the transcript. However, he was advised by the judge of the Municipal Court that the Court could not "forward the case on appeal" until Stewart paid a $30.00 transcript fee.

Contending the Municipal Court had no authority to require a transcript fee, Stewart filed an original proceeding in County Court at Law No. 2, seeking a writ of mandamus to compel the Municipal Court judge to approve the transcript. After presentation of evidence and arguments in the mandamus suit, the judge of County Court at Law No. 2 issued an opinion analyzing and resolving the various issues and concluding as follows:

> The Municipal Court of the City of Lubbock has no authority to deny an appeal for the failure to pay a transcript fee of any amount since no such fee is authorized.
>
> No Mandamus will issue it being presumed by this Court that the Honorable Cecil Puryear will abide by this opinion. However, ten days after this opinion has become final if the said Honorable Cecil Puryear still refuses to process the appeal without such fee then an application by the Petitioner will result in the issuance of a Writ of Mandamus.*

The record before us does not contain a writ of mandamus and we are advised by counsel that the writ has not been issued.

John C. Ross, Jr., City Atty., James F. Moore, Deputy City Atty., Lubbock, for appellant.

Kevin C. Hart, Law Offices of O'Shea & Hall, P.C., Lubbock, for appellee.

---

* Judge Cecil Puryear, the Municipal Court Judge when the opinion was issued, has been succeeded by Judge James E. Beardon, who was substituted as appellant in accordance with Rule 358, Tex.R.Civ.Pro.

By his first counterpoint, Stewart contends the absence of the writ deprives this Court of jurisdiction of the appeal. We agree.

 An appellate court has jurisdiction of appeals from certain interlocutory orders, where specifically authorized by statute, and from final judgments. *Davis v. McCray Refrigerator Sales Corporation,* 136 Tex. 296, 150 S.W.2d 377 (1941); *Laurie v. Stabel,* 482 S.W.2d 652, 654 (Tex.Civ.App.—Amarillo 1972, no writ). There being no authorization for an interlocutory appeal in a mandamus suit, an appeal lies only upon entry of a final judgment, *i.e.,* either the writ of mandamus, or an order refusing it. Tex.R.Civ.Pro. 301, 358; *See Hager v. State ex rel. TeVault,* 446 S.W.2d 43, 44–45 (Tex. Civ.App.—Beaumont 1969, writ ref'd n.r.e.). An appeal from a county court to this court is permissible upon entry of either of those orders. *Hogan v. Turland,* 428 S.W.2d 316 (Tex.1968).

To merit designation as a final judgment, the instrument from which the appeal is taken must dispose of all parties and issues in the suit, terminating the litigation on the merits so that nothing remains to be done. *Laurie v. Stabel, supra.* It must be " 'so worded as to express the final sentence of the court on the matters contained in the record and to end the case at once, without contemplating any further judicial action.' " *Loper v. Hosier,* 148 S.W.2d 889, 891 (Tex.Civ.App.—Dallas 1941, writ dism'd judmt. cor.). Accordingly, a letter from the trial judge directing counsel to prepare the judgment, *Irrigation Const. Co. v. Motheral Contractors,* 599 S.W.2d 336, 345 (Tex.Civ.App.—Corpus Christi 1980, no writ) or a statement of opinions and suggestions by a court, *Davis v. Hemphill,* 243 S.W. 691 (Tex.Civ.App.—Ft. Worth 1922, no writ) will not suffice.

In this case the trial court wrote an opinion advising the parties of the court's decision. However, the opinion compels no action, contemplating, instead, further judicial action absent voluntary compliance with its suggestions. Like a letter from a trial judge or an opinion by this court, the trial judge's opinion in this case tells the parties what will occur but does not, standing alone, formalize the forecast and terminate the case. Thus, it is not a final judgment.

Because there is no final appealable judgment in this case, we order it dismissed for lack of jurisdiction.